O

# United States District Court
# Central District of California

| | |
|---|---|
| YI ZHENG, | Case № 5:26-cv-00519-ODW (MAAx) |
|            Petitioner, | **ORDER GRANTING PRELIMINARY INJUNCTION** |
|    v. | |
| MARIN et al., | |
|            Respondents. | |

## I.   INTRODUCTION

Petitioner Yi Zheng brings a petition for a writ of habeas corpus against Respondents Ernesto Santacruz, Jr., Acting Field Office Director, Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); and David Marin, Warden of Adelanto ICE Processing Center.  (Pet. ¶¶ 10–14, Dkt. No. 1.)  On February 6, 2026, the Court granted Zheng's application for a temporary restraining order and ordered Respondents to show cause why the Court should not issue a preliminary injunction, as requested by Zheng.  (Order Grant TRO ("TRO Order"), Dkt. No. 5.)  For the reasons discussed below, the Court **GRANTS** the preliminary injunction.

## II. BACKGROUND

The Court incorporates by reference the factual background in the Court's TRO Order. *Zheng v. Marin*, No. 5:26-cv-00519-ODW (MAAx), 2026 WL 323282, at *1 (C.D. Cal. Feb. 6, 2026).

On February 5, 2026, Zheng filed a Petition for Writ of Habeas Corpus on the grounds that his detention violates his due process rights. (Pet. ¶¶ 40–56.) That same day, Zheng filed an Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 3.) Respondents failed to timely oppose.

On February 6, 2026, the Court granted Zheng's Application and issued a temporary restraining order. *Zheng*, 2026 WL 323282, at *1. The Court ordered Respondents to immediately release Zheng and enjoined Respondents from re-detaining Zheng absent compliance with Respondents' own regulations. (*Id.* at 8.) The Court also ordered the parties to show cause why the Court should not issue a preliminary injunction in this case. (*Id.*) On February 13, 2026, Respondents filed their response to the Court's order to show cause. (OSC Resp. ("Resp."), Dkt. No. 7.) On February 20, 2026, the Court held a hearing on whether to issue a preliminary injunction. (Mins., Dkt. No. 10.)

## III. LEGAL STANDARD

A court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, the plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm if the preliminary relief is not granted; (3) that the balance of equities tips in his favor; and 4) that the injunction is in the public interest (the "*Winter* factors"). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The burden of demonstrating the need for a preliminary injunction rests with the moving party. *Stanley v. Univ. of S. Cal.*,

13 F.3d 1313, 1319 (9th Cir. 1994). The moving party must meet this burden with a "clear showing" that the preliminary injunction is warranted. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003).

## IV.  DISCUSSION

In their Response, Respondents argue only that this action is moot because Respondents have already released Zheng. (*See generally* Resp.)

**A.  Mootness**

Respondents argue that Zheng's "release from ICE detention moots the requested preliminary injunction, and moots this habeas petition more generally." (*Id.* at 2.) Zheng argues that this action is not moot because Zheng "faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case." (Reply 3, Dkt. No. 8.)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). For example, a "case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). However, a "defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Id.* at 174. Thus, defendants bear the "heavy" burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

Respondents have not demonstrated that "there is no reasonable expectation that the wrong will be repeated." *Id.* As an initial matter, Respondents do not deign to even discuss whether there is a likelihood that they will re-detain Zheng. (*See generally* Resp.) Instead, they only point the Court to other cases where courts have denied preliminary injunctions for mootness, based on distinguishable procedural backgrounds and circumstances. (*Id.*) As Respondents fail to even discuss whether they will re-detain Zheng, Respondents cannot meet their heavy burden. *See NAACP,*

*W. Region v. City of Richmond*, 743 F.2d 1346, 1353 n.6 (9th Cir. 1984) (finding lack of mootness in part because defendant "made no such showing" that they will refrain repeating the wrong).

Instead of attempting to demonstrate that they will not repeat the wrong perpetrated here, Respondents appear to argue that Zheng's release automatically moots the preliminary injunction request and this habeas action generally. (Resp. 2.) However, in *Nielsen v. Preap*, the Supreme Court held that habeas actions are not moot simply because the government released a plaintiff when ordered to do so. 586 U.S. 392, 403 (2019). The Court reasoned that "[u]nless [a] preliminary injunction was made permanent . . . these individuals faced the threat of re-arrest and mandatory detention." *Id.* Here too, without injunctive relief from the Court, Zheng faces the continued "threat of re-arrest and mandatory detention." *Id.* Notably, Respondents fail to rebut this threat exists. (*See* Resp.) This continued threat of re-detention necessarily means that the issue of Zheng's entitlement to freedom from re-detention absent compliance with regulations—one of Zheng's requested remedies—is still "live" and in controversy. *Powell*, 395 U.S. at 496; (Pet., Prayer ¶ 4).

Zheng's requested remedy also distinguishes this case from other cases where this Court and others mooted requests for preliminary injunction. For instance, the Court has consistently mooted requests for preliminary injunction where petitioners ask the Court only for release or a bond hearing. *See, e.g.*, Min. Order, *Kumar v. Santacruz Jr.*, No. 5:26-cv-00297-ODW (SSCx) (C.D. Cal. Feb. 6, 2026), Dkt. No. 13 (denying as moot petitioner's request for a preliminary injunction because petitioner asked only for release or a bond hearing). However, here, Zheng asks not only for release, but also for the Court to enjoin Respondents from re-detaining him. (Pet., Prayer ¶ 4.) Thus, the request for continued injunctive relief is not mooted simply by Zheng's release.

For these reasons, the Court finds that Zheng's request for a preliminary injunction is not moot.

### B.     *Winter* Factors

Respondents fail to address the merits of Zheng's request for a preliminary injunction, (*see* Resp.), and when given another opportunity to address the merits at the Court's February 20, 2026 hearing, Respondents' counsel declined to do so.  The Court takes Respondents' failure as a concession that a preliminary injunction should issue.  *See Min v. Santacruz*, No. 2:25-cv-10971-MEMF (ASx), 2025 WL 3764071, at *1 (C.D. Cal. Dec. 23, 2025) (finding the government's failure to address the *Winter* factors as a concession that a preliminary injunction should issue if the court did not find mootness).

Forced to rely on the TRO briefing in this matter, the Court finds that a preliminary injunction should issue for substantially the same reasons why the Court granted the TRO.  *See Baltazar v. Noem*, No. 5:26-cv-00015-MWF (MBKx), 2026 WL 413527, at *3 (C.D. Cal. Jan. 30, 2026) ("Because Respondents failed to substantively respond to whether a Preliminary Injunction should issue, the Court relies solely on the briefing provided in connection with the Motion for Temporary Restraining Order.").  First, Zheng has shown a likelihood of success on his claim that Respondents failed to follow their own regulations when they detained him.  Specifically, they "failed to give Zheng meaningful notice of his [Order of Supervision] revocation and an informal interview," which "render[ed] Zheng's re-detention unlawful."  *Zheng*, 2026 WL 323282, at *3.  Second, Zheng suffered irreparable harm during his unlawful detention and would face irreparable harm absent a preliminary injunction.  *Id.* at *4.  If Respondents re-detained Zheng without following its own regulations, every minute Zheng spends in unlawful detention would be another minute of irreparable harm to him, his wife, and his minor children.  *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention," including

"economic burdens imposed on detainees and their families"). Finally, for the reasons the Court previously noted, the balance of equities and the public interest tips sharply in favor of Zheng. *See Zheng*, 2026 WL 323282, at *4. Respondents suffer no "legally cognizable" harm by being forced to follow the Constitution, whereas Zheng, and other petitioners like him, stand to lose their very freedom. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983); *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the preliminary injunction. For the duration of this habeas action, the Court **ENJOINS** Respondents from re-detaining Zheng absent compliance with Respondents' own regulations, including, but not limited to, 8 C.F.R. § 212.13.

**IT IS SO ORDERED.**

February 23, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**